**PRESENTMENT DATE AND TIME:**
October 16, 2023 at 09:00 a.m.
**OBJECTIONS DUE:**
October 13, 2023 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                                        Chapter 13

     Jesus Mora
                    Debtor(s).                     Case No. 22-22263-cgm
----------------------------------------------------------x

### NOTICE OF PRESENTMENT OF APPLICATION AND ORDER APPROVING
### PERMANENT LOAN MODIFICATION AGREEMENT AND OPPORTUNITY FOR A HEARING

**PLEASE TAKE NOTICE** that upon the annexed motion/application Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, the undersigned will present for review and signature, to the Honorable Chief Judge Cecelia G. Morris, United States Bankruptcy Court Judge, 355 Main Street, Poughkeepsie, New York, the accompanying Order, pursuant to Rule 9019 of the Fed. Rules of Bankruptcy Procedure, to authorize and settle a loan modification on **October 16, 2023 at 09:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: September 22, 2023

/s/ Michelle C. Marans
Michelle C. Marans, Esq.
Attorneys for Rushmore Loan Management Services,
LLC as servicer for U.S. Bank National Association, not in
its individual capacity but solely as trustee for the RMAC
Trust, Series 2016-CTT
Frenkel Lambert Weiss Weisman & Gordon, LLP
53 Gibson Street
Bay Shore, NY 11706
(631) 969-3100 x 1334
Our File No.: 01-092763-B01

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                                       Chapter 13
      Jesus Mora
              Debtor(s).              Case No. 22-22263-cgm
---------------------------------------------------------x

**APPLICATION TO APPROVE PERMANENT LOAN MODIFICATION AGREEMENT**

Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, the Creditor herein ("Creditor"), by its attorneys, Frenkel, Lambert, Weiss, Weisman & Gordon,  LLP, respectfully alleges as follows:

1. On May 13, 2022, the Debtor Jesus Mora ("Debtor")  filed a petition for relief under Chapter 13 of the Bankruptcy code with the United States Bankruptcy Court for the Southern District of New York.   The case has not been confirmed.

2. Debtor is the owner of the real property located at 67 Perry Avenue, Port Chester, New York 10573  (the "Property").  Upon information and belief, the Property is currently the Debtor's primary residence and is the collateral for the loan for which modification approval is sought in this application.

3.  The Debtor was offered a Permanent Loan Modification Agreement dated June 2, 2022 with first payment due thereunder  June 1, 2022.  The modification was not signed by the Debtor until July 29, 2022, but after communication with Debtor's Bankruptcy Counsel and Debtor becoming current under the proposed modification, the parties agreed that the modification can and should be implemented.  A copy of the Permanent Loan Modification Agreement signed by Debtor is attached hereto as Exhibit A and made a part hereof.  A lender signed copy will be attached to any Order authorizing.

4.        As Debtor is in chapter 13 this Court's approval of the modification agreement is
necessary in order to implement same.  On August 17, 2023, Creditor filed a request for Loss Mitigation.
On September 7, 2023, a Loss Mitigation Order was entered and served the same day.   Creditor now
seeks this Court's authorization pursuant to Bankruptcy Rule 9019  before implementing the
modification.

5. A comparison of the old and new terms of Debtor's loan is set forth in the chart below:

| CURRENT TERMS | | MODIFIED TERMS | |
|---|---|---|---|
| Unpaid Principal Balance | $783,899.41 | New Principal Balance | $719,577.84 of which:<br>• $540,746.38 is the interest bearing principal balance;  and<br>• 178,831.46 is non-interest bearing deferred principal balance. |
| Accrued and unpaid interest, escrow, and expense advances | $ 24,571.30 | Principal Amount Forgiven | $0.00 |
| Maturity Date | 02/01/2054 | Maturity Date | 05/01/2062 |
| Payment Due Date | 11/01/2022 | Payment Due Date | 06/01/2022 |
| Monthly Payment | $7,285.87*  ** | Monthly Payment | $3,435.48** |
| Principal and Interest | $3,788.81 | Principal and Interest | $2,259.99 |
| Escrow | $3497.06** | Escrow | $1,175.49** |
| Interest Rate | 4.375% (this was final step rate under prior stop rate modification) | Interest Rate | 4.00% fixed |
| Other Salient Terms<br><br>* Payment in effect as of last escrow analysis pre Bankruptcy filing | | Other Salient Terms:<br><br>** Escrow is subject to change based on changes to tax, insurance or other amounts which need to be advanced as part of escrow.  If escrow changes the total monthly payment will also change. | Deferred Balance will be due the earliest of the date Borrower (a) sells or transfers an interest in the property, (b) the Modified Maturity Date. or (c)  the date Borrower pays the entire Interest Bearing Principal Balance. |

6.   To further clarify the above, the sum of $178,831.46 is being treated as a deferred principal balance and will be due the earliest of the following occurrences:  Borrower (a) sells or transfers an interest in the property, (b) the Modified Maturity Date. or (c)  the date Borrower pays the entire Interest Bearing Principal Balance.  The Interest Bearing Principal Balance of $540,746.38 will be charged interest at the yearly rate of 4% and the maturity date for same is May 1, 2062.  The current PITI payment is 3,435.48.

7. If this Court approves/authorizes the Permanent Loan Modification Agreement, Creditor respectfully requests that the Order authorizing also allow for the automatic stay and any co-debtor stay to be lifted for the limited purposes of implementing and recording the loan modification, as necessary, and allowing for a discontinuance of any foreclosure action filed, as necessary.  A copy of the proposed Order is attached hereto as Exhibit B (without the loan modification being reattached) and made a part hereof.

8. Creditor filed a Proof of Claim in this case on July 19, 2022 which appears as Claim Number 5 in the Claims register.  The case is not confirmed and upon information and belief no disbursements have been made as such, .  Should any payments have already been made, same were taken into account in calculating the modification.  Creditor request that any Order approving the loan modification indicate that the secured claim for prepetition mortgage arrears filed by the Creditor as Claim No. 5 on the PACER Claim Register ("Claim") is deemed modified to reflect the amount paid by the Trustee as of the date of entry of this Order, if any, with any and all balance due on said Claim reduced to zero ($0.00) dollars.

9. No prior application has been made to this Honorable Court.

WHEREFORE, the Creditor seeks the entry of an order approving the settlement with the

Creditor to modify the terms of the first mortgage on the Property.


Dated:  Williamsville, New York               Frenkel, Lambert, Weiss, Weisman & Gordon,  LLP
        September 22, 2023                     By:   /s/ Michelle C. Marans
                                              Michelle C. Marans, Esq.
                                              53 Gibson Street
                                              Bay Shore, New York 11706
                                              (631) 969-3100
                                              Our File No.: 01-092763-B01

**EXHIBIT A**

After Recording Return To:
**Rushmore Loan Management Services LLC**
**ATTN: Collateral Dept.**
**8616 Freeport Parkway, Suite 100**
**Irving, TX 75063**

**This Document Prepared By:**
**Rushmore Loan Management Services LLC**
**15480 Laguna Canyon Road**
**Irvine, CA 92618**

**Parcel ID Number: 135.76-3-70**

**Original Loan Note Amount: $400,680.00**
**Current UPB: $672,500.11**
**New Money: $318,897.84**
**New UPB: $719,577.84**
**Section: 135.76, Block: 3, Lot: 70**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **April 03, 2008**                                          Loan No: █████████
                                                                    Investor Loan No: █████████

# LOAN MODIFICATION AGREEMENT
### (Providing For Fixed Interest Rate)

#### This property is or will be improved by a one or two family dwelling only.

This Loan Modification Agreement ("Agreement"), made this  2nd day of June, 2022, between **JESUS MORA, whose mailing address is PO BOX 811, PORT CHESTER, NY 10573** ("Borrower") and **Rushmore Loan Management Services LLC, whose address is 1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **February 08, 2008** and recorded in **Instrument No: 480850026** and recorded on **April 03, 2008,** of the Official Records of **WESTCHESTER County, NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

#### 67 PERRY AVE, PORT CHESTER, NY 10573,
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

█████████████████████████

LOAN MODIFICATION AGREEMENT – Single Family - Fannie Mae Uniform Instrument     Form 3179 1/01 (rev. 4/14)
1101 8300b 08/14                                                                                        (page 1 of 6)

the Chain of Title described being set forth as follows:

**See Exhibit "B" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2022**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$719,577.84**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$178,831.46** of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$540,746.38**. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **4.000%**, from **May 1, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$2,259.99**, beginning on the **1st** day of **June, 2022**, and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **4.000%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **May 1, 2062**.

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform
Instrument
1101 8300b 08/14                                                                                    *(page 2 of 6)*

Instrument and that contains any such terms and provisions as those referred to in (a) above.

6.  Borrower understands and agrees that:

(a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)  Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)  All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)  Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)  Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

7.  Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender

acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. This Agreement modifies an obligation secured by an existing security instrument recorded in WESTCHESTER County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $672,500.11. The principal balance secured by the existing security instrument as a result of this Agreement is $719,577.84, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_Jesus Mora_ _____    Date: _7/29/22_

**JESUS MORA**  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of ~~New York~~ _NEW JERSEY_

County of ____BERGEN_____

On the _29_ day of ____JULY_____ in the year _2022_, before me, the undersigned,

a Notary Public in and for said State, personally appeared **JESUS MORA**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.



Signature _____

_____ Office

```
OFFICIAL SEAL
LOUIS DIAZ
NOTARY PUBLIC - NEW JERSEY
Comm. # 50154367
My Comm. Expires March 10, 2026
```

LOAN MODIFICATION AGREEMENT - Single Family - Fannie Mae Uniform
Instrument
1101 8300b 08/14

Form 3179 1/01 (rev. 4/14)

(page 5 of 6)

**Rushmore Loan Management Services LLC**

By: _____(Seal) - Lender

Name: _____

Title: _____

_____Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

STATE OF _____)

COUNTY OF _____) SS.:

On the _____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the _____ (insert the city or other political subdivision and the State or country or other place the acknowledgment was taken).

_____
(Signature and office of individual taking acknowledgment.)

# Exhibit "A"

Loan Number:████████████

Property Address: **67 PERRY AVE, PORT CHESTER, NY 10573**

Legal Description:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE VILLAGE OF PORT CHESTER, TOWN OF RYE, COUNTY OF WESTCHESTER AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS LOTS NOS. 14 AND 15 IN BLOCK F, ON A CERTAIN MAP ENTITLED, SUBDIVISION MAP OF PROPERTY KNOWN AS THE WESLEY HOMESTEAD, IN THE VILLAGE OF PORT CHESTER, NEW YORK, MADE BY F. S. ODELL ENGINEERING CORPORATION, DATED APRIL 1922 AND FILED IN THE OFFICE OF THE REGISTER OF THE COUNTY OF WESTCHESTER, MAY 20, 1922 AS MAP NO. 2403, WHICH LOTS WHEN TAKEN TOGETHER ARE MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT THE POINT OF INTERSECTION OF THE EASTERLY SIDE OF PERRY AVENUE AND THE DIVISION LINE BETWEEN LOT NOS. 15 AND 16 ON SAID MAP; THENCE RUNNING FROM SAID POINT OF BEGINNING ALONG LAST MENTIONED DIVISION LINE SOUTH 87 DEGREES 55 MINUTES 00 SECONDS EAST 117.00 FEET TO A POINT ON THE DIVISION LINE BETWEEN LOT NOS. 15, 14, 49 AND 50 ON SAID MAP; THENCE RUNNING ALONG LAST MENTIONED DIVISION LINE SOUTH 02 DEGREES 05 MINUTES 00 SECONDS WEST 50 FEET TO A POINT ON THE DIVISION LINE BETWEEN LOT NOS. 13 AND 14 ON SAID MAP; THENCE RUNNING ALONG LAST MENTIONED DIVISION LINE NORTH 87 DEGREES 55 MINUTES 00 SECONDS WEST 117.00 FEET TO A POINT ON THE EASTERLY SIDE OF PERRY AVENUE; TEGNCE RUNNING ALONG SAME NORTH 02 DEGREES 05 MINUTES 00 SECONDS EAST 50 FEET TO THE POINT AND PLACE OF BEGINNING. SECTION: 135.76, BLOCK: 3, LOT: 70.

# Exhibit "B"

Loan Number: ███████████

Property Address: **67 PERRY AVE, PORT CHESTER, NY 10573**

Chain of Title: **ORIGINAL RECORDED MORTGAGE DATED 02/08/2008 RECORDED ON 04/03/2008 IN BOOK N/A PAGE N/A WITH INSTRUMENT NO. 480850026 WITH LOAN AMOUNT $ 400680.00 FROM JESUS MORA TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. ASSIGNMENT OF MORTGAGE DATED 06/16/2009 FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC TO NATIONSTAR MORTGAGE, LLC RECORDED ON 10/02/2009 IN BOOK N/A, PAGE N/A WITH INSTRUMENT NO. 492600643.**

# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: ▉▉▉▉▉▉                                                      Date: **June 02, 2022**

Borrower(s):    **JESUS MORA**

Property Address:    **67 PERRY AVE, PORT CHESTER, NY 10573**

Lender:    **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.  Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.


_____                    Date: _7/28/22_
**JESUS MORA** -Borrower

## <u>AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW</u>
### (Modification Agreement)

**State of New York**
**County of WESTCHESTER**

I, _____, being duly sworn, deposes and says:

1.  That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2.  That a certain mortgage (the "Mortgage") bearing the date of February 08, 2008, in the principal amount of FOUR HUNDRED THOUSAND SIX HUNDRED EIGHTY AND NO/100 ($400,680.00) was made by JESUS MORA as Mortgagor to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC as original Mortgagee, recorded on April 3, 2008, in Instrument No: **480850026**, in the WESTCHESTER County Clerk's Office, upon which the mortgage tax in the amount of $5,179.10 was duly paid thereon.

3.  That the instrument offered for recording herewith is a Modification of the Mortgage (the "Agreement") made by JESUS MORA to Rushmore Loan Management Services LLC effective May 1, 2022, and to be recorded in the WESTCHESTER County Clerk's Office.

4.  That the Agreement offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

    a)  Original Principal Amount          $400,680.00
    b)  Current Unpaid Principal Balance    $672,500.11
    c)  New Money                           $318,897.84
    d)  New Unpaid Principal Balance        $719,577.84

5.  That there have been no re-loans or re-advances on the Mortgage.

6.  That additional mortgage recording tax of $_____ is being paid on the Agreement on the sum set forth in 4c.

7.  That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

8.  That the chain of title for the Mortgage is: **ORIGINAL RECORDED MORTGAGE DATED 02/08/2008 RECORDED ON 04/03/2008 IN BOOK N/A PAGE N/A WITH INSTRUMENT NO. 480850026 WITH LOAN AMOUNT $ 400680.00 FROM JESUS MORA TO MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC. ASSIGNMENT OF MORTGAGE DATED 06/16/2009 FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR HOMECOMINGS FINANCIAL, LLC F/K/A HOMECOMINGS FINANCIAL NETWORK, INC TO NATIONSTAR MORTGAGE, LLC RECORDED ON 10/02/2009 IN BOOK N/A, PAGE N/A WITH INSTRUMENT NO. 492600643.**

9.  That the Legal Description for the property is: **ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE VILLAGE OF PORT CHESTER, TOWN OF RYE, COUNTY OF WESTCHESTER AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS LOTS NOS. 14 AND 15 IN BLOCK F, ON A CERTAIN MAP ENTITLED, SUBDIVISION MAP OF PROPERTY KNOWN AS THE WESLEY HOMESTEAD, IN THE VILLAGE OF PORT CHESTER, NEW YORK, MADE BY F. S. ODELL ENGINEERING CORPORATION, DATED APRIL 1922 AND FILED IN THE OFFICE OF THE REGISTER OF THE COUNTY OF WESTCHESTER, MAY 20, 1922 AS MAP NO. 2403, WHICH LOTS WHEN TAKEN TOGETHER ARE MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT THE POINT OF INTERSECTION OF THE EASTERLY SIDE OF PERRY AVENUE AND THE DIVISION LINE BETWEEN LOT NOS. 15 AND 16 ON SAID MAP; THENCE**

Affidavit Under Section 255 of the New York State Law
1101 2090 12/15

RUNNING FROM SAID POINT OF BEGINNING ALONG LAST MENTIONED DIVISION LINE SOUTH 87 DEGREES 55 MINUTES 00 SECONDS EAST 117.00 FEET TO A POINT ON THE DIVISION LINE BETWEEN LOT NOS. 15, 14, 49 AND 50 ON SAID MAP; THENCE RUNNING ALONG LAST MENTIONED DIVISION LINE SOUTH 02 DEGREES 05 MINUTES 00 SECONDS WEST 50 FEET TO A POINT ON THE DIVISION LINE BETWEEN LOT NOS. 13 AND 14 ON SAID MAP; THENCE RUNNING ALONG LAST MENTIONED DIVISION LINE NORTH 87 DEGREES 55 MINUTES 00 SECONDS WEST 117.00 FEET TO A POINT ON THE EASTERLY SIDE OF PERRY AVENUE; TEGNCE RUNNING ALONG SAME NORTH 02 DEGREES 05 MINUTES 00 SECONDS EAST 50 FEET TO THE POINT AND PLACE OF BEGINNING. SECTION: 135.76, BLOCK: 3, LOT: 70.

**Rushmore Loan Management Services LLC**

Name:_____

Title:_____

Sworn to before me this _____ day of _____, 20_____.

Notary Public, State of _____

My Commission Expires: _____

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 13
        Jesus Mora
                        Debtor(s).                              Case No. 22-22263-cgm
-----------------------------------------------------------x

### ORDER AUTHORIZING LOAN MODIFICATION AGREEMENT

Upon the motion (the "Motion") of Rushmore Loan Management Services, LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, by Notice of Presentment dated September 22, 2023 for an Order pursuant to Fed. R. Bankr. P 9019 and General Order M-451 authorizing the entry into and performance by Debtor Jesus Mora (the "Debtor") of a Permanent Loan Modification Agreement June 2, 2022 with first payment due thereunder June 1, 2022, a copy of which is attached hereto as Exhibit "A" (the "Agreement") modifying the loan referred to therein and related mortgage held by U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT (the "Secured Creditor") on the Debtor's primary residence located at 67 Perry Avenue, Port Chester, New York 10573; and there being due and sufficient notice of the Motion; and there being no opposition to the requested relief; and no additional notice of a hearing on the Motion being required under the circumstances; and it appearing that the Agreement is fair and reasonable and in the best interest of the Debtor; it is hereby

ORDERED, that the Motion is granted authorizing the attached Agreement between Debtor and the Secured Creditor and modifying the terms of the mortgage loan pertaining to the Debtor's real property commonly known as 67 Perry Avenue, Port Chester, New York 10573  (the "Property") as set forth in the attached Agreement; and it is further

ORDERED, that the automatic stay and any co-debtor stay is lifted for the limited purpose to allow all interested parties to take all appropriate steps for the parties to finalize, implement and give effect to the Agreement, including recording same if necessary; and it is further

ORDERED, that the secured claim for prepetition mortgage arrears filed by Secured Creditor as Claim No. 5 on the PACER Claim Register ("Claim") is deemed modified to reflect the amount paid by the Trustee as of the date of entry of this Order, if any, with any and all balance due on said Claim reduced to zero ($0.00) dollars and to otherwise reflect the terms of the Agreement upon entry of this Order; and it is further

ORDERED, that the terms of the Loan are not amended other than as detailed in the Agreement;

and it is further

      ORDERED, that this Court shall retain jurisdiction over any dispute arising from or in connection with this Order; and it is further

      ORDERED, that any discontinuance of any foreclosure action in the State Court affecting the Property is approved by this Court, and that any steps taken to discontinue any foreclosure action affecting the property will not be deemed a violation of the automatic stay, should same be necessary.